UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03CV12334EFH

DIRECTV, INC.            )
                         )
VS.                      )
                         )
RICHARD D. ARRUDA        )

## DEFENDANT'S ANSWER TO COMPLAINT

### INTRODUCTION

Paragraphs 1 through 15 of the plaintiff's complaint do not make any specific allegations against the defendant and, therefore, do not require any specific response.

### PARTIES

16. Defendant neither admits nor denies the allegations raised in this paragraph as he has no personal knowledge of the plaintiff's claims.

17. Defendant neither admits nor denies the allegations raised in this paragraph as he has no personal knowledge of the plaintiff's claims.

18. Defendant neither admits nor denies the allegations raised in this paragraph and places burden on plaintiff to prove the same. The defendant admits he is a resident of this District.

19. Defendant neither admits nor denies the allegations raised in this paragraph and places burden on plaintiff to prove the same. The defendant admits he is a resident of the City of New Bedford.

   a) Defendant neither admits nor denies the allegations raised in this paragraph and places burden on the plaintiff to prove the same.

20. Defendant neither admits nor denies the allegations raised in this paragraph and places burden on the plaintiff to prove the same.

21. Defendant denies.

22. Defendant denies.

23. Defendant denies.

## SUBJECT MATTER JURISDICTION

24. Defendant neither admits nor denies the allegations raised in this paragraph and places the burden on the plaintiff to prove the same.

25. Defendant neither admits nor denies the allegations raised in this paragraph and places the burden on the plaintiff to prove the same.

## VENUE

26. Defendant neither admits nor denies the allegations raised in this paragraph and places the burden on the plaintiff to prove the same.

## COUNT I
## UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS
## IN VIOLATION OF 47 U.S.C. §605(a)

27. Defendant repeats and re-alleges the answers to paragraphs 1 through 26 as if set forth fully herein.

28. Defendant denies.

29. Defendant denies.

30. Defendant denies.

## COUNT II
## UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS
## IN VIOLATION OF 18 U.S.C. §2511(1)

31. Defendant repeats and re-alleges the answers to paragraphs 1 through 30 as if set forth fully herein.

32. Defendant admits.

33. Defendant denies.

34. Defendant denies.

35. Defendant denies.

## COUNT III
## ASSISTING IN THE UNAUTHORIZED USE/INTERCEPTION SIGNALS IN VIOLATION OF TITLE 47 U.S.C. §605

36. Defendant repeats and re-alleges the answers to paragraphs 1 through 35.

37. Defendant denies.

38. Defendant denies.

39. Defendant neither admits nor denies the allegations raised in this paragraph and places the burden on the plaintiff to prove the same.

40. Defendant denies.

41. Defendant denies.

42. Defendant denies.

## COUNT IV
## ASSEMBLY, MANUFACTURE AND/OR MODIFICATION OF DEVICES OR EQUIPMENT IN VIOLATION OF TITLE 47 U.S.C. §605

43. Defendant incorporates by references his answers to paragraphs 1 through 42 as if expressly rewritten herein.

44. Defendant denies.

45. Defendant denies.

46. Defendant neither admits nor denies the allegations raised in this paragraph and places the burden on the plaintiff to prove the same.

47. Defendant denies.

48. Defendant denies.

WHEREFORE, defendant requests this Honorable Court to dismiss the plaintiff complaint and deny all prayers for relief alleged in plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

The defendant did not intercept or pirate the signal transmitted by the plaintiff in violation of any applicable law.

## SECOND AFFIRMATIVE DEFENSE

The defendant's possession of any reader/writer programmer or repair device is not illegal and/or does not entitle the plaintiff to damages.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by virtue of the Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred for lack of consideration.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred under the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred under the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred for failure to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because there has been an accord and satisfaction.

## JURY DEMAND

The defendant, Richard D. Arruda, claims a trial by jury on all claims so triable.

Richard D. Arruda
By his attorney,

Michael Medeiros, Esquire
286 Union Street
New Bedford, MA  02740
(508) 992-0023
BBO# 630033
March 15, 2004

## CERTIFICATE OF SERVICE

I, Michael Medeiros, hereby certify that on March 15, 2004 I served the foregoing Answer on the plaintiff by faxing a copy of the same and by mailing a copy of the same, postage prepaid, to its attorney, John M. McLaughlin, McLaughlin Sacks, LLC, 31 Trumbull Road, Northampton, MA 01060.

_____
Michael Medeiros, Esquire

## CERTIFICATE OF SERVICE

I, Michael Medeiros, hereby certify that on March 15, 2004 I served the foregoing Answer on the plaintiff by faxing a copy of the same and by mailing a copy of the same, postage prepaid, to its attorney, John M. McLaughlin, McLaughlin Sacks, LLC, 31 Trumbull Road, Northampton, MA 01060.

Michael Medeiros, Esquire